UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV-00045-TBR
CRIMINAL ACTION NO. 1:03CR-00008-TBR

BRIAN SUTTON                                                    MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF


FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

The movant/defendant has filed, *pro se*, a motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255 along with a supporting memorandum (DN 342).

Additionally, he has filed a supplemental memorandum in support of his motion (DN 344).

By order entered April 11, 2007, the District Judge referred this matter to the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for

appropriate hearings, if any, and for the issuance of a report and recommendation regarding the

pending § 2255 motion (DN 343).  The respondent/plaintiff, United States of America ("United

States"), has filed a motion to dismiss and memorandum in support (DN 346).    The

movant/defendant, Brian Sutton ("Sutton"), has filed a response to the dispositive motion (DN 347).

After considering the arguments of the parties, the evidence in the record, and the

applicable law, the undersigned concludes that an evidentiary hearing is not necessary to address

the claims asserted in this § 2255 motion.  The undersigned concludes this matter is now ripe for

determination.

FINDINGS OF FACT

Pursuant to a plea agreement (Tr. 205), Sutton pled guilty on August 4, 2004, to the charge of conspiring to possess with the intent to distribute more than 1000 kilograms of marijuana (stipulating that he was responsible for 25,000 pounds), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) (DN 212, 213; DN 232 Transcript of Change of Plea Hearing at Pages 13-14, 23-24, 27; DN 124, Superseding Indictment).  As part of his plea agreement, Sutton agreed to waive appeal and any collateral challenge to his conviction and sentence (DN 205, Plea Agreement at Page 8).  Specifically, the waiver reads as follows:

> "The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise."

(DN 205, Plea Agreement at Page 8).  Notably, immediately above Sutton's signature on the plea agreement is the following statement:

> "I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it."

(DN 205, Plea Agreement at Page 15).

A change of plea hearing was conducted on August 4, 2004 (DN 212; DN 232 Transcript of Change of Plea Hearing).[1]  During the change of plea hearing, after Sutton was placed under oath, the undersigned conducted a careful examination to determine whether he was under the

---

[1]Sutton executed a Consent to Rule 11 Plea in a Felony Case Before the United States Magistrate Judge (DN 212, 204).

influence of drugs and whether he was competent to enter his plea (DN 232, Transcript of Change of Plea Hearing at Pages 4-10).  Notably, during the change of plea hearing Sutton confirmed that he had enough time to talk with his attorney about the case and his guilty plea (DN 232, Transcript of Change of Plea Hearing at Page 10).  Sutton also confirmed that he was satisfied with the advice that counsel had given him so far (DN 232, Transcript of Change of Plea Hearing at Page 10).

The undersigned conducted a thorough examination to establish that Sutton understood his rights, the nature of the charges, and the consequences of his pleading guilty (DN 232, Transcript of Change of Plea Hearing at Pages 10-36).  During this examination Sutton acknowledged a sufficient factual basis for his plea and he indicated that it was voluntary (DN 232, Transcript of Change of Plea Hearing at Pages 10-36).

Notably, the prosecutor's recitation of the terms of the plea agreement included the requirement in Paragraph 13 whereby Sutton waived both his right to appeal directly and to collaterally attack his conviction (DN 332, Transcript of Change of Plea Hearing at Page 26).  Sutton confirmed that he had paid close attention as the prosecutor went through the terms of the plea agreement, confirmed that he understood the terms of the plea agreement to be as represented by the prosecutor, confirmed that he had been through the plea agreement with his attorney, and confirmed that he had signed the plea agreement (DN 332, Transcript of Change of Plea Hearing at Page 27).  Further, Sutton indicated that he did not have any questions about the terms of the plea agreement (DN 332, Transcript of Change of Plea Hearing at Pages 27).

Sutton entered his plea of guilty to Count 1 of the second superseding indictment (DN 332, Transcript of Change of Plea Hearing at Page 32).  The undersigned Magistrate Judge announced a finding that Sutton was fully competent and capable of entering into his informed plea

3

of guilty, that his plea of guilty was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense to which Sutton entered his plea (DN 332, Transcript of Change of Plea Hearing at Pages 32-33). The undersigned announced that a recommendation to the District Judge would be made to accept the plea of guilty and to adjudicate Sutton guilty of the offense (DN 332, Transcript of Change of Plea Hearing at Page 33). The undersigned subsequently submitted a Report and Recommendation to the District Judge (DN 213). In a subsequently issued order, the District Judge accepted the Report and Recommendation as to the guilty plea (DN 237).

On February 28, 2005, the District Judge conducted a sentencing hearing (DN 275; DN 333, Transcript of Sentencing Hearing). Counsel for Sutton had no objections to the pre-sentence report or the offense level, which did not include the safety valve adjustment (DN 333, Transcript of Change of Plea Hearing at Pages 2-3). In response to the Court's inquiry about the safety valve adjustment, the prosecutor advised that Sutton was disqualified from safety valve consideration because he had declined to cooperate and provide information (DN 333, Transcript of Change of Plea Hearing at Pages 4-6). Defense counsel confirmed that Sutton's failure to cooperate kept him from qualifying for the safety valve (DN 333, Transcript of Sentencing Hearing at Page 5). The District Judge sentenced Sutton to the low end of the guideline range in accordance with the plea agreement (DN 333, Transcript of Sentencing Hearing at Page 7). Specifically, the District Judge sentenced Sutton to 135 months imprisonment followed by 5 years supervised release (DN 333, Transcript of Sentencing Hearing at Page 7; DN 275, Judgment at Page 3-4).

Despite agreeing to waive his right to direct appeal (DN 205), Sutton filed, *pro se*, a notice of appeal (DN 287). In an order filed December 2, 2005, the Sixth Circuit Court of Appeals

4

noted that under the terms of his plea agreement Sutton had waived his right to directly appeal his conviction and the resulting sentence (DN 337). The Sixth Circuit concluded there were no viable grounds for challenging his conviction on direct appeal and, therefore, affirmed the district court's judgment (DN 337).

CONCLUSIONS OF LAW

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied 508 U.S. 943 (1993). In order to obtain relief under § 2255 on the basis of a Constitutional error, the record must reflect an error of Constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

The United States has moved to dismiss because under the terms of the plea agreement and the holdings in applicable Sixth Circuit case law, Sutton waived his right to file a § 2255 motion. Sutton argues his guilty plea and his waiver of the right to collaterally attack his judgment and sentence were unknowing and involuntary due to bad advice from counsel about qualifying for a two-level reduction under the safety valve. More specifically, Sutton asserts prior to entry of his guilty plea defense counsel misadvised him that the United States bore the burden of seeking a statement from him to satisfy § 3553(f)(5). Notably, he does not claim but for this error he would have insisted on going to trial. Instead, Sutton claims if he had been properly advised

5

about qualifying for the safety valve he would have insisted on completing the proffer sessions to the satisfaction of the prosecutor before he executed the plea agreement to insure that he qualified for the safety valve.  Sutton claims he has been prejudiced by a sentence 27 months greater than the sentence he would have received if he qualified for the safety valve (DN 344).

The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.  See e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999).  Additionally, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."

In light of the representations Sutton made by signing the plea agreement and the statements he made during the change of plea hearing, the undersigned concludes that Sutton knowingly, intelligently, and voluntarily entered a valid guilty plea[2] and waived his right to challenge his sentence and the manner in which it was determined on direct appeal and in any collateral attack, including a motion brought under § 2255.[3]  Furthermore, in light of these findings and the holding in Davila, 258 F.3d at 451-452, Sutton's waiver effectively foreclosed his right to bring a § 2255 motion based on the claim of ineffective assistance of counsel.  For these reasons, the Court should dismiss with prejudice Sutton's § 2255 motion.

---

[2]Fed.R.Crim.P. 11; North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-244 (1969).

[3]A waiver of the right to collaterally attack a conviction and sentence is enforceable if it is knowingly, intelligently, and voluntarily made.  In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007); Davila v. United States, 258 F.3d 448, 450-451 (6th Cir. 2001); Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999).

Certainly, the voluntariness of a plea and waiver can depend on whether they are the product of ineffective assistance of counsel. In re Acosta, 480 F.3d at 422. However, Sutton's claim of ineffective assistance of counsel goes to the issue of sentencing, not to the voluntariness of his plea and waiver. Even if it did, his concessions about not wanting to go to trial prevent him from satisfying the prejudice prong in Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).[4] Nor can he satisfy the prejudice prong in Strickland v. Washington, 466 U.S. 668, 694 (1984)[5] because he is speculating about his ability to qualify for the safety valve if he had shown up for the proffer session(s).[6]

Since the undersigned recommends the Court dismiss the § 2255 motion on a procedural ground, Sutton must satisfy both prongs[7] of the test articulated in Slack v. McDaniel, 529

---

[4]To establish a guilty plea was involuntary as a result of ineffective assistance of counsel, Sutton must demonstrate both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Notably, the Court need not conduct this two-part inquiry in the order identified above or even address both parts if Sutton makes an insufficient showing on one. Strickland v. Washington, 466 U.S. 668, 697 (1984).

[5]To establish prejudice Sutton must demonstrate there is a "reasonable probability" that, but for counsels' unprofessional error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).

[6]During the change of plea hearing the prosecutor clearly indicated the determination whether Sutton qualified for the safety valve depended on the information he provided (DN 332, Transcript of Change of Plea Hearing at Pages 24-25).

[7]To satisfy the first prong of the Slack test, Sutton must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Sutton makes an insufficient showing on one part. Id. at 485. For example, if the Court determines he failed to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied. Id.

U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability.  Here, a plain procedural

bar is present as to the above claim.[8]  Therefore, the undersigned recommends that a Certificate of

Appealability be DENIED.


## RECOMMENDATION

For the foregoing reasons, it is recommended that the United States' motion to

dismiss be GRANTED and Sutton's motion pursuant to § 2255 be DISMISSED with prejudice.  It

is further recommended that a Certificate of Appealability be DENIED.


## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and

Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court

and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within ten (10) days

after being served with a copy, any party may serve and file written objections to such findings and

---

[8]"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484.

recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, U.S. 140 (1984).

Copies:     Movant/Defendant, *pro se*
            Counsel